**Samuel McMILLEN, Appellant,**

v.

**KENTUCKY DEPARTMENT OF CORRECTIONS, Glenn Haeberlin, Warden, Appellee.**

No. 2005–CA–002478–MR.

Court of Appeals of Kentucky.

Aug. 24, 2007.

Samuel McMillen, Eddyville, KY, pro se.

Rebecca Baylou, Frankfort, KY, for appellee.

Before THOMPSON and VANMETER, Judges; PAISLEY,[1] Senior Judge.

## OPINION

PAISLEY, Senior Judge (Assigned).

Samuel McMillen is an inmate in a state correctional institution. He brought a petition seeking a declaration of rights which the trial court dismissed. After our own review of the record, we agree with the trial court's finding that McMillen's arguments and claims are without merit and affirm the order of dismissal from the Lyon Circuit Court.

On May 19, 2005, McMillen provided a specimen at the request of prison officials to screen for illegal drug usage. The laboratory results showed he was positive for the use of marijuana. He was found in violation of prison policy prohibiting the unauthorized use of drugs or intoxicants and was ordered to serve 45 days of disciplinary segregation. On that same date, a search of his cell revealed marijuana cigarettes. He was additionally found in violation of prison policy prohibiting the possession or promotion of dangerous contraband. He was assessed an additional 90 days of disciplinary segregation for that violation.

McMillen filed an appeal with the warden who concurred in the result and penalty. McMillen then filed a petition for declaration of rights in the Lyon Circuit Court asking the court to declare that prison officials did not act "within the legal re-

---

1. Senior Judge Lewis G. Paisley, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

strictions applicable pursuant to Correctional Policy and Procedure as a matter of state law." He alleges he was entitled to secure extended discovery in order to defend himself against the charges including four unnamed witnesses from the out of state laboratory used to test the samples and a significant number of documents and information relating to the testing laboratory procedures. His argument is that the prison officials violated his rights when he was denied access to that information. He additionally claims a violation of the federal Health Insurance Portability and Accountability Act, commonly referred to as HIPAA.

■ Minimal due process is all that is required regarding a person detained in lawful custody. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In the context of a prison disciplinary proceeding, the state is only required to provide advance written notice of the charges; provide an opportunity to call witnesses and present evidence when those events remain consistent with institutional safety and correctional goals; and to provide a written statement from the fact finder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). "[S]o long as the conditions or the degree of confinement to which the prisoner is subjected do not exceed the sentence which was imposed and are not otherwise in violation of the Constitution, the due process clause of the Fourteenth Amendment does not subject an inmate's treatment by prison authorities to judicial oversight." *Mahoney v. Carter*, 938 S.W.2d 575 (Ky.1997).

■ Simply because disciplinary segregation involves different physical conditions and limited privileges does not mean that a prisoner maintains a liberty interest in freedom from that form of segregation. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). McMillen was placed in disciplinary segregation for a total of 135 days. He did not suffer any injury or deprivation that was abhorrent to the Constitution.

■ The trial court dismissed the HIPAA claim pursuant to CR 12.02(a) for lack of subject matter jurisdiction. HIPAA does not create a state based private cause of action. *See* 42 U.S.C. § 1320d. The dismissal of the HIPAA claim was appropriate.

■ Even if we assume the general applicability of HIPAA to this matter, 45 C.F.R. § 164.512 (2007) sets forth a number of situations in which covered entities may disclose protected health information without written authorization of an individual, or an opportunity of an individual to agree or object. Specifically, 45 C.F.R. § 164.512(k)(5) governs the applicability of HIPAA to correctional institutions. Under this subsection, covered entities are permitted to disclose to correctional institutions or law enforcement officers having custody of an individual the protected health information about an inmate for, *inter alia*, "[l]aw enforcement on the premises of the correctional institution," and "[t]he administration and maintenance of the safety, security and good order of the correctional institution." 45 C.F.R. § 164.512(k)(5)(i)(E), (F). In addition, the regulation further provides that "[a] covered entity that is a correctional institution may use protected health information of ... inmates for any purpose for which such protected health information may be disclosed." 45 C.F.R. § 164.512(k)(5)(ii). Thus, the urinalysis testing and reporting of the results did not violate HIPAA.

After our own review of the record, we find no due process violations or a state

cause of action related to the federal statutes. We therefore affirm the decision of the Lyon Circuit Court.

ALL CONCUR.