RENDERED:  JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0642-MR

DENA WILLIAMS                                                          APPELLANT

v.
APPEAL FROM SHELBY CIRCUIT COURT
HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 19-CI-00302

JANET CONOVER, WARDEN OF
THE KENTUCKY CORRECTIONAL
INSTITUTION FOR WOMEN                                                  APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Dena Williams appeals the orders of the Shelby Circuit Court dismissing her petition for a declaration of rights, entered on April 24, 2020.  After careful review of the record, briefs, and law, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

Williams is an inmate at the Kentucky Correctional Institution for Women. On December 9, 2018, Williams placed a call to her sister, Sarah Tincher. During their recorded conversation, Williams requested Tincher place money on another inmate's—Maxine Jones—account, since her mother was hospitalized. On December 10, 2018, Tincher placed money using J-Pay on inmate Sharon Hall's account by mistake using the pseudonym "Mike Hunt." On December 20, 2018, Williams was interviewed by corrections staff and admitted the J-Pay account registered to "Mike Hunt" is Tincher's.

On January 8, 2019, Williams was issued a Kentucky Department of Corrections disciplinary report charging her with violating KCPP[1] policy number 15.2, section II, subsection C, Category V (Major Violations),[2] Item 8 (notated in the disciplinary report form as simply a "5-08"), which prohibits "Using mail to obtain money, goods or services by fraud[.]" The disciplinary report form noted "J-Pay is considered a form of mail communication[.]" Williams pled not guilty to this charge.

---

[1] Kentucky Correction Policies and Procedures.

[2] The categories of offenses and penalty ranges are Category I-VII, with Category I containing the least serious and punishable offenses and Category VII covering the most serious and punishable offenses.

On January 15, 2019, a hearing was held on this matter at which Williams was represented by a legal aid and testified as the sole witness. Williams was declared guilty of the charge because the Adjustment Officer (AO) found that she conspired with her sister to commit the violation based on the following: (1) staff stated this occurred; (2) "phone recordings"[3] support this result; (3) Williams told her sister to place $25.00 on another inmate's account; and (4) Tincher used a fake J-Pay account to do so. The AO ordered 30 days disciplinary segregation, suspended for 90 days, and 45 days good time loss.

On January 17, 2019, Williams appealed to the warden asserting there was no fraudulent conduct. On January 18, 2019, the warden denied Williams's appeal, stating the "due process requirements appear to be in order. The evidence is sufficient in order to establish a finding of guilt."

On June 3, 2019, Williams tendered her *pro se* petition for declaration of rights pursuant to KRS[4] 418.040. The respondents moved the trial court to dismiss the petition, claiming Williams failed to exhaust her administrative remedies, "some evidence" in the administrative record supports the AO's findings, and Williams was not otherwise denied due process. After Williams responded to this motion, the trial court granted the motion to dismiss, finding

---

[3] Only one phone call was downloaded for the AO.

[4] Kentucky Revised Statutes.

there was "some evidence" to support the AO's finding of guilt. The trial court stated a "fraud is generally understood as a deceit or deception." It found the "fraud" in this case was that Williams's sister used an account registered to someone else, or a fake name, to transfer money for Williams to another inmate. This appeal followed.

## STANDARD OF REVIEW

The standard of review for a trial court's ruling on a motion to dismiss is well-established.

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

Prison disciplinary actions require only "some evidence" of guilt. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct.

-4-

2768, 2774, 86 L. Ed. 2d 356 (1985). "[C]ourts only *review* the decisions of the [AO] and prison officials are afforded broad *discretion*." *Yates v. Fletcher*, 120 S.W.3d 728, 731 (Ky. App. 2003) (emphasis in original). This Court must affirm if there is "some evidence" supporting the charge. *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774, 86 L. Ed. 2d 356. "The primary inquiry [in a prison disciplinary action] is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board[,]" and "[e]ven meager evidence will suffice." *Ramirez v. Nietzel*, 424 S.W.3d 911, 917 (Ky. 2014) (footnotes and internal quotation marks omitted). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774, 86 L. Ed. 2d 356.

Prison disciplinary proceedings are not equivalent to criminal prosecutions, and "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). "Minimal due process is all that is required regarding a person detained in lawful custody." *McMillen v. Kentucky Dep't of Corr.*, 233 S.W.3d 203, 205 (Ky. App. 2007). The requirements of due process are satisfied if the "some evidence" standard is met. *Hill*, 472 U.S. at 455, 105 S. Ct. at 2774, 86

L.Ed.2d 356.  This is a low, but existent, bar which must be met to ensure inmates are not wrongfully and arbitrarily deprived of their rights.

## ANALYSIS

On appeal, Williams argues she was denied minimum due process to ensure her state-created right to good time credit was not arbitrarily abrogated because there was no evidence she committed the offense with which she was charged.  We agree.

Absolutely no evidence was presented that Williams—acting on her own accord **_or_** in concert with her sister—committed the charged violation of "Using mail **to obtain money, goods or services** by **fraud**."  KCPP 15.2, II.C.V.8 (emphasis added).  We first note, **_no_** evidence was put forth that Williams obtained anything as a result of funds being placed in another inmate's account.  This reason alone is grounds for our reversal.  Secondly, **_no_** evidence of "fraud," as the term is commonly understood or used as a legal term of art, was presented.

An essential element that defines "fraud" is that a false statement is made to induce another to act to his or her detriment.  The Merriam Webster Dictionary defines "fraud" as:  "intentional perversion of truth **in order to induce another to part with something of value or to surrender a legal right**."  *Fraud*, MERRIAM WEBSTER DICTIONARY, *https://www.merriam-webster.com/dictionary/fraud* (emphasis added).  Black's Law Dictionary defines

"fraud" as: "A knowing misrepresentation or knowing concealment of a material fact made **to induce another to act to his or her detriment**." *Fraud*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). The Supreme Court of Kentucky has declared:

> in Kentucky such a claim requires proof, by clear and convincing evidence, of the following six elements: (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) **that the declarant induced the plaintiff to act upon the misrepresentation**, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff. [*United Parcel Serv. Co. v. Rickert*,] 996 S.W.2d 464 (Ky. 1999).

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (emphasis added). Here, **_no_** evidence was presented that Williams—through her sister or otherwise—made a false statement to induce anyone to act to their detriment. Thus, fraud was neither properly alleged nor was any evidence concerning fraud presented to find Williams guilty of this charge. Accordingly, the trial court erred in dismissing Williams's petition because there was **_no_** evidence to support the AO's determination that Williams was guilty.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Shelby Circuit Court is REVERSED.

-7-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Kieran J. Comer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Angela T. Dunham
Frankfort, Kentucky