IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREG SHEPHERD, *Plaintiff/Appellant*,

*v.*

COSTCO WHOLESALE CORPORATION, *Defendant/Appellee.*

No. 1 CA-CV 18-0072
FILED 4-30-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-052615
The Honorable Aimee L. Anderson, Judge *Retired*

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**

COUNSEL

Joshua Carden Law Firm PC, Scottsdale
By Joshua W. Carden
*Counsel for Plaintiff/Appellant*

Cavanagh Law Firm, Phoenix
By Karen C. Stafford, Cassandra V. Meyer
*Counsel for Defendant/Appellee*

---

## OPINION

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Judge Lawrence F. Winthrop joined. Judge Jon W. Thompson dissented in part and concurred in part.

---

**P E R K I N S**, Judge:

**¶1**        Greg Shepherd challenges the dismissal of his complaint against Costco Wholesale Corporation ("Costco") alleging numerous tort claims stemming from Costco's alleged failure to cancel an unwanted prescription and disclosure of the prescription information to his ex-wife. We reverse and remand for further proceedings on Shepherd's negligence and punitive damages claims but affirm the dismissal of his other claims. Further, we hold that HIPAA's requirements may inform the standard of care in a negligence action for wrongful disclosure of healthcare information.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Because Shepherd appeals from the grant of a motion to dismiss, we state the facts alleged in his operative complaint and must assume they are true for purposes of this appeal. *Southwest Non-Profit Housing Corp. v. Nowak*, 234 Ariz. 387, 389, ¶ 4 (App. 2014).

**¶3**        Shepherd saw his physician in January 2016 for a check-up and a refill of his usual prescription. During that visit, his physician offered him an erectile dysfunction ("E.D.") medication sample, which he accepted. Shortly thereafter, Costco told Shepherd that his regular prescription and a full prescription of the E.D. medication were ready for pickup. Shepherd told Costco he did not want the E.D. prescription, and Costco acknowledged his cancellation request.

**¶4**        Approximately one month later, Shepherd called Costco to check on another refill of his regular prescription and was told it and a full prescription of the E.D. medication were ready for pickup. Shepherd again told Costco he did not want the E.D. medication.

**¶5**        Shepherd called Costco again the next day to authorize his ex-wife, with whom he was exploring possible reconciliation, to pick up his regular prescription. Costco gave her the regular prescription and the E.D.

2

medication. She did not accept or pay for the E.D. medication but joked with a Costco employee about Shepherd "not picking it up yet" and told Shepherd's children and some friends about the medication. She also stopped reconciliation efforts with Shepherd.

¶6        Shepherd complained to Costco headquarters and received a written response that allegedly acknowledged the disclosure of medical information to his ex-wife violated both the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Costco's privacy policy. Shepherd then sued Costco alleging negligence, breach of fiduciary duty, fraud, negligent misrepresentation, intentional infliction of emotional distress, intrusion upon seclusion, and public disclosure of private facts based on Costco's "public disclosure of an embarrassing medication that [he] twice rejected."

¶7        Costco moved to dismiss the complaint. The trial court granted the motion, finding (1) Costco was entitled to immunity from suit under Arizona Revised Statutes ("A.R.S.") section 12-2296, (2) HIPAA preempted the claims, and (3) Shepherd failed to allege sufficient facts to support his claims. Shepherd now appeals.

## DISCUSSION

¶8        We review the dismissal of a complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6) *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We are required to accept as true all well-pled facts and give Shepherd the benefit of all reasonable inferences arising therefrom. *Botma v. Huser*, 202 Ariz. 14, 15, ¶ 2 (App. 2002). We will affirm the dismissal only if Shepherd would not have been entitled to relief under any facts susceptible of proof in his complaint. *Coleman*, 230 Ariz. at 356, ¶ 8.

## I.    Negligence

¶9        A plaintiff must prove four elements to establish a negligence claim: (1) a duty requiring the defendant to conform to a certain standard of care, (2) the defendant's breach of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64, ¶ 7 (2018).

¶10        In his complaint, Shepherd alleged Costco's duty of care arose from "the regulations governing pharmacy conduct, HIPAA laws, and Costco's own privacy policy." On appeal, he again contends Costco violated HIPAA and A.R.S. §§ 12-2291 to -2297.

### A.    Statutory Authorization

**¶11**    Under Arizona law, "all medical records and payment records, and the information contained in medical records and payment records, are privileged and confidential." A.R.S. § 12-2292(A). But this information may be disclosed "without the written authorization of the patient or the patient's health care decision maker as otherwise authorized by state or federal law, including [HIPAA] privacy standards." A.R.S. § 12-2294(C). HIPAA, in relevant part, allows covered entities such as Costco to "disclose to . . . any . . . person identified by the individual, the protected health information directly relevant to such person's involvement with the individual's health care." 45 C.F.R. § 164.510(b)(1)(i).

**¶12**    Here, Costco disclosed the E.D. prescription to Shepherd's ex-wife, whom he had expressly authorized to receive prescription information. Shepherd contends HIPAA only authorizes the disclosure of "filled prescriptions," but even assuming Shepherd's contention is correct, the E.D. prescription was filled, albeit erroneously.

**¶13**    Shepherd also contends he objected to such disclosure when he requested that the E.D. prescription be cancelled but he bases this contention on a HIPAA provision that applies only to disclosures that take place in the presence of the patient. 45 C.F.R. § 164.510(b)(2)(ii). The portion of the relevant regulation addressing disclosures made when the individual is not present grants covered entities such as Costco the ability to use professional judgment to reasonably infer the individual's best interest in allowing another to act on his behalf to pick up filled prescriptions. 45 C.F.R. § 164.510(b)(3). Costco did not need to exercise such judgment here because Shepherd authorized his ex-wife to receive prescription information. Shepherd thus did not allege a violation of either HIPAA or related Arizona statutes.

### B.    Duty

**¶14**    Although it did not arise under HIPAA, the parties nonetheless agree that Costco owed Shepherd a duty of care. That duty includes, at a minimum, the obligation to act as a reasonably prudent pharmacy would under the circumstances. *See Lasley v. Shrake's Country Club Pharmacy, Inc.*, 179 Ariz. 583, 586 (App. 1994). Shepherd alleged that Costco "represented . . . that his instructions to cancel his prescription had been acknowledged and would be acted upon," that it "fail[ed] to cancel the [E.D.] prescription" despite multiple requests and opportunities to do so, and that one of its employees "joked" with his ex-wife about the E.D. prescription. These allegations are sufficient to withstand dismissal on the

pleadings under Rule 12(b)(6). *See, e.g., Verduzco v. American Valet*, 240 Ariz. 221, 225, ¶ 9 (App. 2016) (quoting Ariz. R. Civ. P. 8(a)(2)) (under Arizona's notice pleading rules, "[a] short and plain statement of the claim showing that the pleader is entitled to relief" is sufficient to overcome a Rule 12(b)(6) motion to dismiss). The trial court thus erred in dismissing Shepherd's negligence claim.

## II.    Breach of Fiduciary Duty

**¶15**        Shepherd alleged a fiduciary duty arose between himself and Costco because of "the confidential, professional, and private nature of the relationship between pharmacist/pharmacy and medical customer." Establishing a fiduciary duty requires either peculiar intimacy or an express agreement to serve as a fiduciary. *Cook v. Orkin Exterminating Co., Inc.*, 227 Ariz. 331, 334, ¶ 15 (App. 2011). Neither circumstance is alleged in this case, and mere unilateral trust in another party's competence or integrity does not alone establish a fiduciary duty. *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 24 (App. 1996). Nor does the fact that a profession is regulated, despite Shepherd's contention to the contrary. Thus, the superior court did not err in ruling Shepherd failed to state a claim for breach of fiduciary duty.

## III.    Fraud

**¶16**        Shepherd based his common law fraud claim on Costco's alleged representations that "his instructions to cancel his [E.D.] prescription had been acknowledged and would be acted upon." But unfulfilled promises cannot support an actual fraud claim absent the presence of an intent not to perform at the time of the promise. *Hall v. Romero*, 141 Ariz. 120, 123–24 (App. 1984). Shepherd alleged no facts to suggest Costco intended to not cancel the E.D. prescription when it acknowledged his first cancellation request. He contends on appeal that there was a "triple confirmation that the offending prescription had been cancelled," but his complaint only alleged acknowledgment of his first cancellation request.

**¶17**        Shepherd further contends Costco acted fraudulently by failing to disclose to him the E.D. prescription was "a) still not cancelled and b) also waiting for pickup." He did not raise this argument in the trial court and cannot raise it for the first time on appeal**.** *County of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 606, ¶ 49 (App. 2010). The trial court correctly dismissed Shepherd's fraud claim.

## IV.    Negligent Misrepresentation

¶18        Shepherd's negligent misrepresentation claim also relies on Costco's alleged acknowledgment of his request to cancel the E.D. prescription. Negligent misrepresentation, like fraud, cannot be premised on a promise of future conduct. *McAlister v. Citibank (Arizona)*, 171 Ariz. 207, 215 (App. 1992). Thus, this claim was properly dismissed.

## V.    Intentional Infliction of Emotional Distress

¶19        A plaintiff alleging intentional infliction of emotional distress must show the defendant caused severe emotional distress by committing extreme and outrageous conduct with the intent to cause emotional distress or with reckless disregard of the near-certainty that such distress would result. *Watkins v. Arpaio*, 239 Ariz. 168, 170–71, ¶ 8 (App. 2016). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (quoting *Cluff v. Farmers Ins. Exchange*, 10 Ariz. App. 560, 562 (1969)).

¶20        Shepherd contends a jury could conclude the "mocking disclosure" of the E.D. medication was outrageous. The trial court, not the jury, determines whether the acts are sufficiently extreme and outrageous to state a claim for relief. *Id.; see also Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 199 (App. 1994) (trial court must make "preliminary determination whether the conduct may be considered so outrageous and extreme as to permit recovery"). Shepherd only alleged that his ex-wife and a Costco employee "joked" at the counter about him "not picking it up yet." While these jokes may have been in poor taste, they do not approach the level of outrageousness needed to prove intentional infliction of emotional distress. *See, e.g.*, Restatement (Second) of Torts § 46, cmt. d ("The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . There is no occasion for the law to intervene in every case where some one's feelings are hurt."); *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987) (stating that Arizona follows the standard for liability set forth in Restatement (Second) of Torts § 46). The trial court did not err in dismissing this claim.

## VI.    Intrusion Upon Seclusion

¶21        Shepherd contends the trial court erroneously found "actual trespass" was a necessary element of an intrusion upon seclusion claim. The court instead found he had not alleged any "intrusion." We agree.

¶22        This court has previously followed the four-part classification of invasion of privacy claims set forth in Restatement (Second) of Torts §§ 652A-E. *Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 279 (App. 1997). An intrusion upon seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns" and the intrusion is "highly offensive to a reasonable person." Restatement (Second) of Torts § 652B. It typically involves

> (1) "physical intrusion into a place in which the plaintiff has secluded himself;"

> (2) "the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires;" or

> (3) "some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents."

*Id.*, cmt. b. Shepherd alleged none of these circumstances; he instead alleged in conclusory fashion that Costco "intentionally intruded upon the solitude and seclusion of [Shepherd's] private affairs and concerns"without alleging additional facts that would support this claim. On appeal, he contends Costco "published" the information to his ex-wife but does not contend that Costco knew Shepherd had purposefully secluded or shielded his ex-wife from receiving prescription information; in fact, Shepherd expressly authorized Costco to share prescription information with her. Accordingly, Shepherd's claim for intrusion upon seclusion fails as a matter of law. *See Hart*, 190 Ariz. at 279 ("The defendant is subject to liability . . . only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs") (quoting Restatement (Second) of Torts § 652B, cmt. c).

## VII.   Public Disclosure of Private Facts and False Light

¶23        Shepherd contends the disclosure to his ex-wife constituted a false light invasion of privacy. A false light tort occurs when:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and

> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Hart*, 190 Ariz. at 280 (quoting Restatement (Second) of Torts § 652E). Generally, however, "it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.* (quoting Restatement (Second) of Torts § 652D, cmt. a).

¶24        In *Hart*, the appellants asserted a false light claim based on "rumors in the community" that they had been terminated from employment because they were drug users. *Id.* The court rejected the claim, finding there was no evidence to suggest the employer had "publicly revealed the reasons for appellants' termination." *Id.* at 208–81. Similarly, Shepherd did not allege that Costco publicly revealed the E.D. prescription. He only alleged that Costco disclosed it to one person—his ex-wife, who was authorized to receive such information. What she chose to do with that information is irrelevant to whether he stated a claim against Costco. *See id.* at 281 ("The mere fact that some interested parties may have heard rumors from sources other than [the plaintiff] . . . is, without more, insufficient to meet the level of publicity required for a false light claim.") (quoting *Moore v. Big Picture Co.*, 828 F.2d 270, 274 (5th Cir. 1987)). Accordingly, the trial court properly dismissed Shepherd's false light claim.

## VIII.  Immunity from Suit for Good Faith Disclosures

¶25        Because Shepherd's negligence claim was improperly dismissed, we next consider the trial court's determination that Costco was immune from suit under A.R.S. § 12-2296. That statute provides as follows:

A health care provider, contractor or clinical laboratory that acts in good faith under this article is not liable for damages in any civil action for the disclosure of medical records, payment records or clinical laboratory results or information contained in medical records, payment records or clinical laboratory results that is made pursuant to this article or as

otherwise provided by law. The health care provider, contractor or clinical laboratory is presumed to have acted in good faith. The presumption may be rebutted by clear and convincing evidence.

A.R.S. § 12-2296. When interpreting a statute, we look first to the statute's plain language. *White Mountain Health Ctr., Inc. v. Maricopa Cty.*, 241 Ariz. 230, 249, ¶ 68 (App. 2016). If the language is clear and unambiguous, we must give effect to it without using other rules of statutory construction. *Parsons v. Ariz. Dep't of Health Serv.*, 242 Ariz. 320, 323, ¶ 11 (App. 2017). We strictly construe statutes that limit common law liability. *Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 329, ¶ 11 (App. 1998).

### A.    Section 12-2296 Applies to the Alleged Disclosure.

**¶26**        The parties do not dispute that Costco is a "health care provider" for purposes of § 12-2296. A.R.S. § 12-2291(5)(a). Shepherd contends, however, that § 12-2296 does not apply because Costco did not disclose the E.D. prescription to his ex-wife "under this article."

**¶27**        Section 12-2294(C) authorizes the disclosure of medical records or the information contained in those records without written authorization "as otherwise authorized by state or federal law, including [HIPAA] privacy standards," and HIPAA allows disclosure to "any . . . person identified by the individual" so long as the information is relevant to that person's involvement with the individual's health care. 45 C.F.R. § 164.510(b)(1)(i). HIPAA also authorizes covered entities to "use professional judgment and . . . experience with common practice to make reasonable inferences of the individual's best interest in allowing a person to act on behalf of the individual to pick up filled prescriptions, medical supplies, X-rays, or other similar forms of protected health information" when the individual is not present. 45 C.F.R. § 164.510(b)(3).

**¶28**        Shepherd admits that he authorized his ex-wife to pick up his regular medication and that he was not present at the time of the disclosure. Accordingly, Costco's disclosure was within the scope of § 12-2296.

### B.    Shepherd Alleged Sufficient Facts to Avoid Dismissal Based on § 12-2296 Immunity.

**¶29**        Shepherd argues Costco is not entitled to immunity because it did not act in good faith. While the statute presumes good faith, it does not define it; we therefore give the term its ordinary meaning and may

consult dictionary definitions in doing so. *DBT Yuma, L.L.C. v. Yuma Cty. Airport Auth.*, 238 Ariz. 394, 396, ¶ 9 (2015).

**¶30**        Webster's Second Unabridged Dictionary defines good faith, in the general sense, as "accordance with standards of honesty, trust, sincerity, etc.." Random House Webster's Second Unabridged Dictionary 822 (2001); *see Sierra Tucson, Inc. v. Pima Cty.*, 178 Ariz. 215, 220 (App. 1994) (citing same dictionary). Similarly, in the context of commercial transactions, the Uniform Commercial Code defines "[g]ood faith" as "honesty in fact in the conduct or transaction concerned"; *see also Stewart v. Thornton*, 116 Ariz. 107, 110 (1977) (relying on the UCC's definition of good faith). Our supreme court has further noted that good faith, in the context of commercial transactions, entails the absence of bad faith including actions that amount to "guilty knowledge or willful ignorance." *Stewart*, 116 Ariz. at 110.

**¶31**        Shepherd has alleged that: (1) he told Costco to cancel the E.D. prescription twice; (2) Costco acknowledged one of his requests but did not cancel the prescription; and (3) a Costco employee crudely joked about the prescription with Shepherd's ex-wife. Given these allegations, Shepherd may be able to prove some set of facts showing Costco did not act in good faith. *See Luchanski v. Congrove*, 193 Ariz. 176, 180, ¶ 20 (App. 1998) (stating that a motion to dismiss should be denied unless it is "beyond doubt" that the plaintiff could prove no set of facts which would entitle him to relief) (quoting *Newman v. Maricopa Cty.*, 167 Ariz. 501, 505–06 (App. 1991)). Thus, Costco was not entitled to dismissal based on § 12-2296 immunity. Instead, Costco's potential § 12-2296 immunity remains an open question on remand, subject to further discovery, but without prejudice to summary judgment in the event the developed record does not support a genuine issue of fact on this issue.

## IX.    HIPAA Preemption

**¶32**        We next consider the trial court's conclusion that HIPAA preempted Shepherd's claims.

**¶33**        Relying on federal authorities, Costco contends Shepherd "cannot use a HIPAA violation as the basis of a lawsuit" because HIPAA does not create a private cause of action. *See, e.g., Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Lee-Thomas v. LabCorp*, 316 F. Supp. 3d 471, 474 (D.D.C. 2018). Other state courts have allowed state law claims based on alleged HIPAA violations to survive a motion to dismiss. *See R.K. v. St. Mary's Med. Ctr., Inc.*, 735 S.E.2d 715, 724 (W. Va. 2012) ("[S]tate common-law claims for the wrongful disclosure of medical or

personal health information are not inconsistent with HIPAA . . . [and] compliment HIPAA by enhancing the penalties for its violation and thereby encouraging HIPAA compliance"); *Acosta v. Byrum*, 638 S.E.2d 246, 251 (N.C. Ct. App. 2006) ("Here, defendant has been placed on notice that plaintiff will use . . . HIPAA to establish the standard of care. Therefore, plaintiff has sufficiently pled the standard of care in her complaint"); *but see Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 672, ¶ 24 (Ohio 2015) ("[I]n our view utilization of HIPAA as an ordinary negligence 'standard of care' is tantamount to authorizing a prohibited private right of action for violation of HIPAA itself").

¶34 HIPAA does not prohibit a private right of action for tortious disclosure of healthcare information, it merely declines to create an independent federal statutory private right of action. *See Webb*, 499 F.3d at 1082; *see also* 65 Fed.Reg. 82462-01, 82566, 82641 (Dec. 28, 2000) (noting that the penalty provisions of HIPAA do not include a private right of action). A state-law negligence claim for wrongful disclosure of protected information, even when based on failure to abide by standard practices mandated by HIPAA, does not interfere with government enforcement actions authorized by HIPAA. Instead, additional state remedies encourage compliance with HIPAA by providing further means for patients to recover for harm suffered due to non-compliance. *Accord Sheldon*, 40 N.E.3d at 672, ¶¶ 24–25 (holding that HIPAA does not preempt state-law claims for unauthorized disclosure of medical information so long as the disclosure is not specifically allowed by HIPAA, but deferring to an Ohio statute setting forth a standard of care). Moreover, A.R.S. § 12-2296 limits, but does not eliminate, private causes of action based on improper disclosure of medical information. If all private causes of action were foreclosed, § 12-2296's grant of qualified immunity would be superfluous. Thus, HIPAA does not preempt state-law negligence claims for wrongful disclosure of medical information. Accordingly, we hold HIPAA's requirements may inform the standard of care in state-law negligence actions just as common industry practice may establish an alleged tortfeasor's duty of care and to the extent such claims are permitted under A.R.S. § 12-2296.

¶35 Finally, relying on *Skinner v. Tel-Drug, Inc.*, Costco argues that federal courts in Arizona have previously dismissed negligence *per se* claims made by a patient on HIPAA grounds. No. CV-16-00236-TUC-JGZ (BGM), 2017 WL 1076376 (D. Ariz. Jan. 27, 2017), *adopted by the district court at* 2017 WL 1075029 (D. Ariz. March 22, 2017). In *Skinner*, the plaintiff raised a negligence *per se* claim alleging the defendant breached HIPAA regulations by sending numerous faxes containing protected health information to an unintended recipient. *Id.* at *1, *3. The magistrate judge

recommended dismissing the plaintiff's claim because it relied solely on HIPAA violations to establish *per se* negligence. *Id.* *3–*4, *5. *Skinner* is distinguishable because Shepherd's negligence claim does not rely solely on HIPAA and because Shepherd did not state a *per se* violation of HIPAA in his complaint, as discussed *supra*. Moreover, we are not bound by the federal district court's interpretation of Arizona law. *Arpaio v. Figueroa*, 229 Ariz. 444, 447, ¶ 11 (App. 2012).

## X.    Punitive Damages

**¶36**        Finally, we address the trial court's dismissal of Shepherd's punitive damages claim. To recover punitive damages, a plaintiff must prove something more than the underlying tort. *Saucedo ex rel. Sinaloa v. Salvation Army*, 200 Ariz. 179, 182, ¶ 11 (App. 2001). There are no special pleading requirements for punitive damages claims; a general prayer for punitive damages is sufficient to put a defendant on notice that punitive damages are requested in the prayer for relief. *Ezell v. Quon*, 224 Ariz. 532, 538, ¶ 23 (App. 2010) (quoting *Kline v. Kline,* 221 Ariz. 564, 572, ¶ 29 (App. 2009)). Most of the tort claims alleged in Shepherd's complaint that might legitimately give rise to a punitive damage claim have been properly dismissed by the trial court. What is left is a general negligence claim. But punitive damages are not available for mere negligence. *Smith v. Chapman*, 115 Ariz. 211, 214 (1977) ("Punitive damages are not permitted in Arizona for mere negligence: there also must be shown a reckless or wanton disregard of the rights of others.") (citation omitted).

**¶37**        In his complaint, Shepherd alleged Costco's actions were "malicious, oppressive or in reckless disregard of Plaintiff's rights" and sought punitive damages. This conclusory allegation, standing alone, is insufficient to support punitive damages. Shepherd has, however, specifically alleged that Costco "rewards its pharmacy employees through a system of incentives for pharmacy sales, which system contributed to the failure of [Costco] to cancel the prescription as requested twice by Plaintiff." This is a serious allegation leveled against Costco. We reiterate that, in a Rule 12(b)(6) setting, we are not examining whether the allegation is true, or whether there is sufficient admissible evidence in the record to satisfy the heightened burden of proof and allow the jury to consider the claim. Instead, we presume counsel can meet the obligations imposed by Rule of Civil Procedure 11 and thus are required to accept that these allegations are true. *See* Ariz. R. Civ. P. 11(b)(3) (by signing a pleading, an attorney certifies that factual contentions have evidentiary support or likely will after discovery). In that circumstance, and on that basis alone, we cannot say as a matter of law that Shepherd will be unable to adduce facts supporting his allegation of an overt financial incentive to disregard a customer's

prescription cancellation request. *See Verduzco*, 240 Ariz. at 225, ¶ 9 ("Under Arizona's notice pleading rules, it is not necessary to allege the evidentiary details of plaintiff's claim for relief.") (internal quotation marks omitted). Again, this holding is based on the Rule 12(b)(6) standard and will not prejudice any motion practice following discovery.

## CONCLUSION

**¶38**　　　　We affirm the dismissal of Shepherd's complaint except for his negligence and punitive damages claims. We reverse and remand for further proceedings on those claims. Shepherd may recover his taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See, e.g., Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 206 Ariz. 344, 346, 349, ¶¶ 3, 18–19 (App. 2003) (awarding costs to party who successfully appealed trial court's dismissal of their claims).

T H O M P S O N, J., concurring in part, dissenting in part:

**¶39**　　　　I concur with the majority opinion, except as to punitive damages against Costco, and the award of costs.

**¶40**　　　　"To obtain punitive damages, plaintiff must prove that defendant's evil hand was guided by an evil mind." *Rawlings v. Apodaca*, 151 Ariz. 149, 162 (1986). It would serve no evil purpose on Costco's part to reward employees' inefficiencies in filling prescriptions which customers do not want. Thus, the complaint fails to sufficiently allege conduct by Costco, with evil intent, which could have caused harm to Shepherd.

**¶41**　　　　Costs are generally awarded when a party has prevailed on the merits. Plaintiff has not yet prevailed on the merits. Costs may also be awarded under the so-called "*Wagenseller*" exception. *Wagenseller v. Scottsdale Mem. Hosp.*, 147 Ariz. 370, 393–94 (1985) (stating fees may be awarded where appellant has obtained reversal of an order central to the case or final determination of a significant issue of law, which determination on appeal forms a separate unit within the overall litigation); *Henry v. Cook,* 189 Ariz. 42, 44 (App. 1996) (stating interpretation of "successful party" should be uniform for fees and costs). The punitive damages issue is merely ancillary, and not central to Shepherd's claims.

Indeed his counsel, at oral argument, characterized the punitives claim as "a stretch."

**¶42**     I would therefore affirm as to punitive damages, and would not award costs at this point in the ongoing litigation.



AMY M. WOOD • Clerk of the Court
FILED:  AA